BERTHA A. KNIGHT vs. LEMUEL DUNBAR.

Kennebec.    Opinion April 9, 1891.

*Superior Court.    Jurisdiction.    Case.    Trespass.*

The Kennebec Superior Court has jurisdiction of an action on the case which charges that the defendant deposited earth upon his own land close to plaintiff's fence in such a careless manner that the action of the elements pressed the earth and fence partly over upon plaintiff's land to his damage; although that Court has not jurisdiction of real actions nor of actions *quare clausum fregit.* Such an action is not of the nature of *quare clausum,* nor its equivalent.

ON EXCEPTIONS.

The action arose in the Superior Court for Kennebec County. On the second day of the term, the defendant moved to dismiss the action for the reason that : "While the plaintiff in her writ states her action to be in case, the facts set forth in her declaration constitute and make an action of trespass *quare clausum* of which this court has no jurisdiction." The presiding justice overruled the motion and the defendant excepted. The case proceeded to trial on plea of general issue. The jury returned a verdict for the plaintiff.

The declaration in the plaintiff's writ is as follows :

"In a plea of the case ; for that whereas the plaintiff, on the first day of June, A. D. 1889, was the owner in her own right, in fee simple, of a lot of land, with the appurtenances, and with a dwelling-house thereon, situate on the west side of Main street in said Waterville, and in the occupation of one Lyman Shaw, as tenant thereof, in the right of the plaintiff, and the defendant owned and occupied a certain lot adjoining the plaintiff's said lot, and lying next southerly thereto, and on the west side of said Main street in said Waterville, and by agreement between the plaintiff and defendant, the plaintiff and her grantors had built at her own expense, a tight board-fence on the dividing line between the plaintiff's and the defendant's said lots, which fence was and is the property of said plaintiff,

and the defendant well knowing the premises and contriving and intending maliciously to injure the plaintiff in her estate and in the reversion thereof of said lot and dwelling-house and appurtenances, on the first day of June, A. D. 1889, at said Waterville, hauled and deposited loam, (adjoining the plaintiff's said lot,) to the depth of two feet, and negligently, wrongfully and unjustly deposited the same upon the defendant's said lot, and upon and against the aforesaid fence in such a negligent and careless manner, that the said loam, sand and gravel, fell upon the plaintiff's said lot, and pressed with such force against said fence that it tipped, pushed and crowded said fence off said line, over and upon the plaintiff's said lot, so that said fence was greatly injured and the plaintiff's said tenant was greatly discommoded and annoyed in the occupation of said lot, and the same was unsightly, and the value of the plaintiff's said lot was greatly diminished, and portions of it rendered of no value ; and the plaintiff avers that said defendant hath continued said loam, gravel and sand upon the plaintiff's said lot and against said fence from thence hitherto."

*Brown and Johnson,* for defendant.

Statute establishing and regulating the Kennebec Superior Court in terms excludes from its jurisdiction actions of trespass *q. c.* This exclusion is intended to be something more than a numerical division of causes of litigation between that court and the Supreme Judical Court. The latter cannot be ousted of its jurisdiction by entitling an action in case when the facts, as in this declaration, disclose a case of trespass *q. c.* Matters of flowage and trespass are left in that court because involving questions of title. The main claim is that defendant deposited loam "upon and against plaintiff's fence," and allowed it to remain. This is trespass because the fence is real estate. *Taylor* v. *Townsend,* 8 Mass. 410 ; *Elwes* v. *Mawe,* 3 East, 38, S. C. 2 Smith Lead. Cas. 228, and cases cited. *Sawyer* v. *Goodwin,* 34 Maine, 419. Trespass maintainable by reversioner. *Davis* v. *Nash,* 32 Maine, 411, and cases cited.

*Webb and Webb,* for plaintiff.

PETERS, C. J.  The parties in this case were respectively owners of adjoining lots of land, with titles unquestioned.  The plaintiff had erected a close board-fence on a part of the line between them.  The defendant undertook to raise up the level of the land on his side of the fence by carting in a quantity of earth upon it.  He did the job so unskilfully and carelessly that, by the action of the elements, the new earth pressed the fence over upon the plaintiff's land, carrying a portion of the newly deposited material with it.  The plaintiff sues in an action of case for the injury.

The defendant contends that the action should have been trespass *quare clausum*, and that, however brought, an action for injury to real estate, cannot have day in the Kennebec Superior Court, where the suit was instituted.

That court has jurisdiction in causes generally, "except complaints for flowage, real actions, and actions *quare clausum.*" The present action is not one of *quare clausum* either in form or substance.  It is properly brought in case.  The gist of the charge against the defendant is for his improper or neglectful use of his own land, the consequence of which was an injury to the land of the plaintiff.  The action is not within the causes of action above excepted.  We do not think the Superior Court is inhibited from entertaining actions merely because some question touching real estate may be involved in them.  The title to real estate may be brought in question in collateral and incidental ways in any personal action.  The title to personal property may depend on the title to real estate.  An assault may be justified as having been committed in defense of one's real estate. This view is well sustained by the reasoning and result, upon somewhat similar facts, in the case of *Hatch* v. *Allen*, 27 Maine, 85.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.